## Caldaro v. Keystone Insurance Company

*Edward Leymarie Jr.,* for plaintiff.
*Charles W. Garbett,* for defendant.

CAIAZZA, *J.,* April 20, 1989 — In the case sub judice both plaintiff and defendant have moved the court for a judgment on the pleadings. There are apparently no factual conflicts which exist between the parties.

This action initially arose as a result of injuries sustained in an automobile accident. Plaintiff was a passenger in a motor vehicle being operated by his wife and following the mishap he filed a tort claim against her.

Defendant, the insurer of plaintiff and his wife, payed plaintiff the sum of $100,000 under the liability provision of the insurance policy.

Pursuant to the provisions of the same policy, plaintiff is now seeking to recover underinsurance proceeds in addition to the liability insurance monies already payed to him. Along with defendant he contends there that there is no complex issue of interpretation involving the insurance policy language. However, he opines that the contractual provision which limits the availability of underinsurance benefits is repugnant to both the purpose and the spirit of the Motor Vehicle Financial Responsibility Law (MVFRL).

Defendant has espoused two arguments in support of his position contending that plaintiff is not entitled to recover both liability and underinsurance proceeds under the provisions of the same insurance policy.

We are here confronted with a specific question of law which has not heretofore been considered by the appellate courts of this commonwealth. Thus, this court will proceed to resolve this issue through an analysis of existing case law.

Defendant's initial argument is bottomed upon the exclusionary language which appears in the insurance policy. The relevant provision of the insurance contract prohibits an additional recovery pursuant to the underinsurance section following an award which was obtained under the liability provision.

"The limit of liability in the declarations for 'each person' for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for 'each person,' the limit of liability shown in the declarations for 'each accident' for bodily injury liability is our maximum limit of liability for all damages for bodily injury resulting from one auto accident."

The Superior Court of Pennsylvania in *Wolgemuth v. Harleysville Mutual Insurance Co.*, 370 Pa. Super. 51, 535 A.2d 1145 (1988) held that an exclusionary clause, identical to the one in the case sub judice, did not violate the Motor Vehicle Financial Responsibility Law as it relates to the public policy of this commonwealth.

Plaintiff attempts to distinguish *Wolgemuth*; in *Wolgemuth* plaintiff was a guest passenger; here, plaintiff is the named insured. However, the *Wolgemuth* court specifically stated that it did not decide whether an insured could recover under both the liability and underinsurance provisions of a single insurance policy.

"We are not here asked to determine, and express no opinion upon, whether an insured, as that term is defined by the Motor Vehicle Financial Responsibility Law, could, under certain circumstances, recover under both the liability and underinsured motorist provisions of a single policy." *Wolgemuth, supra.*

Absent any case law to the contrary the same interpretation as applied to the guest passenger in *Wolgemuth* should likewise apply to a named insured.

An Erie County common pleas decision reached the same result as we have concluded here.

In *Lytle v. Allstate Insurance Co.*, Erie County, no. 3013-A-1988, December 9, 1988, the court stated:

"The legal issue before the court is whether a passenger who is killed in a one-vehicle accident may recover both liability and underinsurance motorist benefits from the same carrier under the same policy where the language of the instant policy does not expressly prohibit such recovery."

The court then discussed the general nature of statutory construction and then continued:

"Underinsured motorist coverage is first-party coverage and, in that sense, the coverage follows the person not the vehicle. Here, however, the decendent passenger's heirs have already collected under the liability coverage of the insurer of the Stein car. To now collect further under the same insurer's underinsured motorist coverage would be to convert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage."

The court then concluded:

"It is conceded that the petitioner is correct in his argument that the subject exclusion clause is much different in the instant case than in *Wolgemuth, supra.* Further, the petitioner is also correct when he states where there is ambiguity, the ambiguity must be construed against the insurance carrier who drafted the policy. Still, when those factors are balanced against public policy, legislative history and language contained in *Wolgemuth*, they fail to meet muster. When the court concluded a balancing test between the words of the contract and the appellate court's language in *Wolgemuth, supra,* on statutory intention and legislative history, the scales weighed in favor of the respondents. Therefore, that scale allows this court to expand the decision of *Wolgemuth, supra,* to cover the present factual situation." *Lytle v. Allstate Insurance Co.,* Erie County, no. 3013-A-1988, December 9, 1988.

Parenthetically, the court recognizes that plaintiff has paid two separate premiums for the liability and underinsurance protection afforded to him under the terms of the insurance contract. However, he has received a sufficient consideration in return for the added premium; viz. if he is involved in a

mishap with a third party and if he is not fully compensated for his loss because of the insurance policy limits of the tort-feasor, the underinsurance provision of his own insurance contract will then be activated thus enabling him to receive supplemental compensation.

In the exercise of judicial restraint, our decision here makes it unnecessary for the court to consider the second argument advanced by defendant. Accordingly, the court denies plaintiff's motion for judgment on the pleadings, and, in the alternative grants defendant's motion for judgment on the pleadings.

## ORDER OF COURT

Pursuant to the provisions of the appended memorandum opinion the court denies plaintiff's motion for judgment on the pleadings, and, in the alternative, grants defendant's motion for judgment on the pleadings.